The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
Following the initial hearing, the depositions were taken of Dr. James Jackson, Dr. C. E. Ballenger and Dr. John Miller. Upon submission of contentions filed by defendants, the matter was ready for decision. Plaintiff's counsel failed to comply with the Deputy Commissioner's Order which required submission of contentions.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Pennsylvania National Mutual Insurance Company was the compensation carrier on the risk.
4. Plaintiff's medical records were stipulated into evidence.
RULINGS ON EVIDENTIARY MATTERS
The objections raised by counsel at the depositions of Dr. James Jackson, Dr. John Miller, and Dr. C. E. Ballenger are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
Defendant-employer's payroll records were not introduced or admitted into evidence at the initial hearing. Although defense counsel submitted the records after the initial hearing, plaintiff's counsel refused to stipulate to these records, and no effort was made to authenticate the records. Therefore, the payroll records of defendant-employer are not admitted as evidence of record in this case.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, plaintiff was twenty-seven years old. His prior work experience included various short-term jobs as a roofer and pipe layer.
2. Plaintiff began working for Rush Enterprises, defendant-employer's subcontractor, in April 1993 laying water pipe in Atlantic Beach.
3. Plaintiff's average weekly wage was $400.00, yielding a compensation rate of $266.68.
4. Pursuant to plaintiff's testimony at the hearing, on May 4, 1993, at approximately 11:00 a.m., he was on his knees at the edge of a four-feet deep sandy ditch replacing a valve in a water pipe when the edge of the ditch bank caved in. He fell face first into the ditch. Believing that he might have pulled a back muscle, plaintiff continued to work. At some time after 2:00 p.m. he used a backhoe to fill in the ditch.
5. Plaintiff sought no medical treatment and continued working for the next four days. He told his supervisor, Charlie Rush, that he had hurt his back, but that he was unsure when or how the injury occurred.
6. On May 11, 1993, plaintiff first sought medical treatment at the emergency room of the local hospital and was referred to Dr. C. E. Ballenger, a neurologist. Dr. Ballenger saw the plaintiff twice and ordered a CAT scan, cervical spine x-rays and a myelogram. Plaintiff has a congenitally narrow cervical spine and pre-existing degenerative disk disease, which conditions are not causally related to the alleged incident on May 4, 1993. He also has bulging disks at L3-4 and L4-5 and a herniated disk at L2-3.
7. Plaintiff has not sought or received any medical treatment for his back or neck condition since August 1993. Plaintiff worked a brief job in October 1993 with Charlie Rush tearing out drywalls and has worked other odd jobs when he was in need of money. Other than these jobs, plaintiff has not looked for work since May 1993. There is insufficient evidence of record from which to prove by its greater weight that plaintiff is unable to work due to the alleged incident on May 4, 1993.
8. Plaintiff failed to meet his burden of proving that he sustained any injury by accident arising out of and in the course of his employment with defendant-employer on May 4, 1993. On the date of the alleged incident, both Charlie Rush and James Boyd, defendant-employer's job-site manager, inspected the ditch between the time plaintiff testified that the cave-in occurred and when he filled in the ditch. Neither saw any evidence of a ditch cave-in. Plaintiff informed Rush that his back hurt, but never notified defendant-employer of any accident, as he had been instructed to do.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On May 4, 1993, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ ____________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________________________ THOMAS J. BOLCH COMMISSIONER
S/ ____________________________ COY M. VANCE COMMISSIONER